```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


William L. Lane,                :

       Plaintiff,               :

    v.                          :      Case No. 2:10-cv-389

Wexford Health Sources,         :      JUDGE WATSON
(Contreator), et al.,

       Defendants.              :
```

## REPORT AND RECOMMENDATION

This matter is before the Court on the motion of defendant Vanessa Sawyer to dismiss the complaint against her for failure to state a claim upon which relief can be granted. In addition, plaintiff William L. Lane has moved to strike the answer filed by the non-governmental defendants on the grounds that they failed to file a responsive pleading to his complaint within 21 days after service of summons as required by Fed. R. Civ. P. 12(a)(1)(A)(i). For the following reasons, the Court will recommend that the motion to dismiss (#12) and the motion to strike (#13) be denied.

## I. BACKGROUND

Mr. Lane, an Ohio prisoner, commenced this civil rights action seeking unspecified relief against defendants Wexford Health Sources, Dr. Pamela Redden, and Ms. Sawyer for their alleged deliberate indifference to his medical needs in violation of his rights under the Eighth Amendment. Mr. Lane alleges in his complaint that Wexford is a private contractor providing medical care for inmates at the Noble Correctional Institution where he was confined at all relevant times. Dr. Redden is an employee of Wexford.

Mr. Lane states that he has experienced increased discomfort

over the years stemming from various ailments involving his left leg.  He has arthritis in his lower knee and his left leg is shorter than his right.  He also has a bullet in his leg which pushes against the bone.  He is unable to participate in sports and must wear special shoes.  He has problems lifting objects and walking up stairs.  He cannot walk in the cold.  Mr. Lane maintains that his disabilities are permanent and are reflected in his medical file.

The Complaint further alleges that Dr. Redden knew that his medical conditions made going up and down stairs painful, but despite that knowledge he was denied a first-floor dorm and moved to a prison dorm with steep steps.  On December 31, 2009, he injured himself carrying one end of a locker box up the stairs.  Mr. Lane reports that he was again moved up the stairs on February 18, 2010, at 10:30 a.m.  He injured himself a second time trying to carry the locker box.  On both occasions, an officer completed an inmate accident report.

Mr. Lane claims that he sought medical treatment on February 18, 2010, but was refused such treatment for more than two weeks.  He asserts that Ms. Sawyer, the Health Care Administrator at NCI, knew of his problems, but did nothing.  On March 9, 2010, Dr. Murray Thomas, who is not a defendant in this case, gave him a low-range dorm assignment based on his disabilities.

## II. MOTION TO DISMISS

### A. Standard of Review

Fed.R.Civ.P. 12(b)(6) provides that the Court may, upon motion, dismiss a claim for relief asserted in any pleading for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 8(a) requires the party pleading a claim for relief to make a "short and plain statement of the claim showing that the pleader is entitled to relief."  When evaluating such a claim

2

in the context of a Rule 12(b)(6) motion, the Court must ordinarily accept as true all of the well-pleaded factual allegations of the complaint.  However, Rule 8(a) has been interpreted to require that the pleader allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ...."  Bell Atlantic v. Twombley, 550 U.S. 544, 555 (2007).  Moreover, the factual allegations themselves "must be enough to raise a right to relief above the speculative level ...."  Id.

    Twombley established a test of "facial plausibility," replacing the prior standard, announced in Conley v. Gibson, 355 U.S. 41 (1957), under which a complaint was able to withstand a motion to dismiss if there were any possibility that the pleader could prove a viable claim for relief.  Expanding upon Twombley's "facial plausibility" test, the Supreme Court, in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), held that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal reiterated the principle that legal conclusions, couched as factual allegations, need not be accepted as true, and that the mere recital "of the elements of a cause of action, supported by mere conclusory statements," cannot save a claim from dismissal under Rule 12(b)(6).  Id. at 1950.  Further, Iqbal allows the reviewing court "to draw on its judicial experience and common sense" when deciding if it is plausible that the pleader can, based on the facts alleged, obtain any relief.  Id.  It is still true, however, that pro se complaints are construed liberally in favor of the pleader, even though they, too, must satisfy the "facial plausibility" standard articulated in Twombley.  See Haines v. Kerner, 404 U.S. 519 (1972); Stanley v. Vining, 602 F.3d 767, 771 (6th Cir. 2010); see also Erickson v. Pardus, 551

U.S. 89 (2007).  It is with these standards in mind that the instant motion will be decided.

### B. Analysis

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health.  Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991).  In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ." Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted."  Id. at 844.

Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir.1994).

Ms. Sawyer argues that the claims against her do not rise to the level of medical indifference.  It is her contention that Mr.

4

Lane alleges only that his leg began hurting when he carried his locker box up the stairs, that she knew of his complaints, and that "she did not tell him anything."  In her view, these allegations, at the most, reveal a difference of opinion between herself and Mr. Lane.  Ms. Sawyer maintains that neither negligence nor medical malpractice is sufficient by itself to establish liability for deliberate indifference to an inmate's serious medical needs.  Instead, what is required, in her opinion, is the reckless disregard of a known risk which offends evolving standards of decency, something Mr. Lane purportedly has failed to allege.

The Court reads the Complaint differently.  Although Mr. Lane appears at times to confuse the concepts of negligence and deliberate indifference, the pleadings of a pro se litigant are to be construed liberally and, no matter how inartfully drawn, are held to "less stringent standards than formal pleadings drafted by lawyers."  Estelle, 429 U.S. at 106 (internal citation and quotation marks omitted).  A prisoner adequately states a claim "when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury."  Scott v. Ambani, 577 F.3d 642, 648 (6th Cir.2009) (internal citation and quotation marks omitted).  Mr. Lane asserts that he was denied medical care  from February 18, 2010, to March 9, 2010, and that Ms. Sawyer, the Health Care Administrator at NCI, knew of his injury and did nothing.  Accepting these well-pleaded allegations as true and construing them most favorably toward Mr. Lane, the Court finds that the Complaint contains sufficient facts to make out a plausible claim against Ms. Sawyer for deliberate indifference.

Ms. Sawyer also argues that Mr. Lane failed to set forth the

substantial risk of serious harm he faced and that, contrary to his claims, the Chief Inspector determined that Mr. Lane was not at a substantial risk of serious personal injury and that he received on-going medical care and had each of his requests for treatment granted.  In support of this contention, Ms. Sawyer relies on the Chief Inspector's decision on Mr. Lane's appeal of Grievance Number NCI-02-000001, which is attached to the Complaint, and the Chief Inspector's decision on Mr. Lane's appeal of Grievance Number NCI-03-10-000025, which is attached to the motion to dismiss.

The Court will exclude from its consideration the decision of the Chief Inspector which is attached to Ms. Sawyer's motion.  The failure to exclude this exhibit would result in the conversion of the motion to dismiss into a motion for summary judgment.  See Fed. R. Civ. P. 12(d); Max Arnold & Sons, LLC v. W.L. Hailey & Co., 452 F.3d 494, 503 (6th Cir.2006).

On the other hand, because a document attached to a pleading becomes a part of that pleading, the decision attached to the Complaint may be considered for purposes of the Motion to Dismiss.  See Fed. R. Civ. P. 10(c); Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir.2007).  The purposes for which the appended document may be considered, however, is not unlimited.  The exhibit may certainly be used to show that the Chief Inspector resolved Mr. Lane's appeal of the denial of his grievance.  It may not be used, however, to establish that the Chief Inspector's determinations were correct or that all aspects of Mr. Lane's care at NCI were appropriate.  See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674-75 (2d Cir.1995)(fact that plaintiffs attached superintendent's report to their complaint did not mean that they accepted all statements in report as true).  Clearly, Mr. Lane does not agree with the decision and most likely attached it as

6

an exhibit merely to show that he had exhausted his administrative remedies as required under the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997e(a).  The decision, therefore, may not be used to refute his allegations of deliberate indifference within the context of a Rule 12(b)(6) motion.

Lastly, Ms. Sawyer contends that Mr. Lane does not allege that he directly informed her of his injuries and that consequently he fails to state a claim against her upon which relief can be granted.  This contention misapprehends the requirement that before a supervisory employee may be liable for the constitutional torts of others, she must have encouraged the specific misconduct or directly participated in it.  See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).  Mr. Lane does not appear to be proceeding under a theory of respondeat superior, but is alleging that Ms. Sawyer through her own action or inaction exhibited deliberate indifference to his serious medical needs.  To establish her liability, he does not have to show that he directly informed her of his condition, only that she was aware of an excessive risk to his health or safety and consciously disregarded that risk.  Accordingly, Ms. Sawyer's final argument is without merit.

### III. MOTION TO STRIKE

This Court has discretion to strike an untimely answer, see Tolliver v. Liberty Mut. Fire Ins. Co., No. 2:06-cv-904, 2008 WL 545018 at *2 (S.D.Ohio Feb. 25, 2008), but motions to strike are generally disfavored.  Wausau Benefits v. Progressive Ins. Co., 270 F.Supp.2d 980, 985 (S.D.Ohio 2003).  Upon review, the Court determines that the facts of this case do not warrant such a drastic remedy.

Mr. Lane's observation that Fed. R. Civ. 12(a) requires a non-governmental defendant to serve an answer within 21 days of

7

service is correct.  His assertion that the summons served on defendants Wexford and Dr. Redden provided them with an answer date based on the 21-day period, however, is not borne out by the actual record.  The two summonses, as issued by the Clerk, clearly provide for 45-day answer period.  See Docket entry ## 7, 8.  Because Wexford and Dr. Redden were served on May 17, 2010, this 45-day period would not have run until July, 1, 2010, by which time these defendants had already answered the Complaint.  Thus, the motion to strike lacks a factual basis.

Assuming arguendo that these defendants were required to answer within 21 days of service, the fact that the summonses provided otherwise would constitute excusable neglect for their tardy filing.  See Lewis v. School Dist. #70, 523 F.3d 730, 739-40 (7th Cir.2008)(district court did not abuse its discretion in denying motion to strike where late answer resulted from plausible misinterpretation of procedural rule).  The delay in this case was minimal and there is no reason to believe that Mr. Lane was suffered any prejudice.

Furthermore, if the Court were to grant the motion to strike, Mr. Lane could then move for entry of default and default judgment.  Because such relief would contravene this Court's strong preference for deciding disputes on the merits, the motion to strike should be denied.  See Canady v. Erbe Elektromedizin GmbH, 307 F.Supp.2d 2 (D.D.C. 2004).

## IV. CONCLUSION

Based on the foregoing reasons, the Court recommends that Ms. Sawyer's motion to dismiss (#12) be denied.  The Court further recommends that Mr. Lane's motion to strike (#13) be denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this

Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

    The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v.Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

                                            /s/Terence P. Kemp
                                            United States Magistrate Judge