UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William L. Lane,

    Plaintiff,

v.                                        Case No. 2:10–cv–389

Wexford Health Sources,                Judge Michael H. Watson
(Contreator), et al.,

    Defendants.

## OPINION AND ORDER

On August 16, 2010, the Magistrate Judge recommended that the Court deny defendant Vanessa Sawyer's motion to dismiss the complaint against her for failure to state a claim upon which relief can be granted. Ms. Sawyer filed timely objections to the Report and Recommendation. After conducting a *de novo* review of the Magistrate Judge's recommended disposition, the Court overrules defendant Sawyer's objections and adopts the Report and Recommendation in its entirety. Consequently, the motion to dismiss is denied.

I.

For purposes of this proceeding, the Court accepts as true the factual statements made in the complaint. Plaintiff William L. Lane is a state prisoner who at all relevant times was (and remains) incarcerated at the Noble Correctional Institution. Mr. Lane suffers from a variety of ailments involving his left leg which make going up and down stairs painful. On February 18, 2010, he injured himself for a second time

attempting to carry his locker box up to his prison dorm room. Security personnel prepared an incident report and sent Mr. Lane to the infirmary for treatment for his injury on that same day. He was refused treatment, however, until March 9, 2010. Ms. Sawyer is the Health Care Administrator at NCI. She was aware of Mr. Lane's problems and the events which took place, but did nothing in the meantime.

Ms. Sawyer moved to dismiss the complaint as to her for failure to state a claim upon which relief can be granted. She contended that the allegations against her amounted to, at most, a difference of opinion as to the medical treatment Mr. Lane received and that neither ordinary negligence nor medical malpractice rises to the level of deliberate indifference required for liability under §1983. She also argued that Mr. Lane failed to show that the health care staff knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Lastly, she maintained that Mr. Lane did not allege that he directly informed her of his alleged injuries and that, consequently, there is no allegation that she was personally involved in the denial of treatment, a requirement under §1983.

The Magistrate Judge set out the applicable standard for deciding motions under Fed. R. Civ. P. 12(b)(6) and determined that under that standard none of Ms. Sawyer's arguments were meritorious. The Magistrate Judge noted that the pleadings of a *pro se* litigant are to be construed liberally and are held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation and quotation marks omitted). The Magistrate Judge further observed that a prisoner sufficiently states an Eighth Amendment medical claim "when he alleges that prison authorities have denied reasonable requests for medical treatment in the

face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Scott v. Ambani*, 577 F.3d 642, 648 (6th Cir.2009) (internal citation and quotation marks omitted). Accepting Mr. Lane's factual allegations as true, the Magistrate Judge concluded that the complaint, in stating an Eighth Amendment medical claim against Ms. Sawyer, satisfied the "facial plausibility" standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), as further explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II.

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

## III.

Ms. Sawyer continues to argue in her objection to the Report and Recommendation that Mr. Lane has failed to state a claim against her upon which relief can be granted. She points out that to prevail on an Eighth Amendment medical claim, a plaintiff must prove both an objective and a subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In her view, Mr. Lane offers no information that he sustained serious medical injuries or was deprived of serious medical needs. Ms. Sawyer also maintains that plaintiff fails to provide any factual basis for his claim that she knew of his alleged injury. According to her, she could not have been aware,

without such knowledge, that Mr. Lane faced a substantial risk of serious harm, and, therefore, she could not have disregarded that risk by failing to take reasonable measures to abate it.

Mr. Lane alleges that he received no response to his complaints of pain and inability to walk from those responsible for providing health care at NCI. Pl.'s Compl. 3, ECF No. 4. An inmate denied reasonable requests for medical treatment in the face of an obvious need for such treatment who is thereby exposed to undue suffering has a cause of action against those whose deliberate indifference is the cause of his suffering. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Whether a particular medical condition constitutes a serious medical need and whether certain conduct constitutes deliberate indifference are factual issues. *Butler v. Seiter*, No. 90-3474, 1991 WL 29196 at *3 (6th Cir. Mar. 7, 1991).

In this case, Mr. Lane has alleged that he was forced to endure pain for nearly three weeks because his pleas for medical assistance went unheeded. These allegations are sufficient to withstand a motion to dismiss under Rule 12(b)(6). *Westlake*, 537 F.2d at 860. Just as the plaintiff in *Westlake*, he should have the opportunity to prove his allegations. *Id*.

Ms. Sawyer suggests the fact that Mr. Lane received some medical attention prior to the incident on February 18, 2010, negates any possibility of deliberate indifference. But the complaint, as it pertains to her, deals strictly with the time period between February 18, 2010, and March 9, 2010. Mr. Lane alleges that during this time frame, he received no medical treatment despite his pleas for assistance. Courts distinguish between cases where the plaintiff alleges a complete denial of care and

those in which he alleges that the care provided was inadequate. See Westlake, 537 F.2d at 860 n.5. Had Mr. Lane merely disagreed with the treatment he received during the relevant period, Ms. Sawyer's argument might have merit. To the contrary, however, he denies that he received any treatment at all.

In addition, Ms. Sawyer reiterates that Mr. Lane fails to allege that she was directly involved in the denial of his medical treatment, a requirement for personal liability under § 1983. Searcy v. City of Dayton, 38 F.3d 282, 287 (6th Cir. 1994). She also contends that Mr. Lane has not offered even a scintilla of evidence that she knew of his injury.

Ms. Sawyer is the Health Care Administrator at NCI. As such, she serves as the Institution Health Authority and is authorized and responsible for making decisions about the deployment of health resources and the day-to-day operations of the medical services program. See Disposition of Grievance attached to Complaint. Mr. Lane could therefore infer (as does the Court) that she was aware of his injury regardless of whether he directly communicated with her. If, in fact, Ms. Sawyer did not know of plaintiff's injury and was not personally involved with the alleged denial of treatment, she may assert this fact in her answer.

Lastly, Ms. Sawyer contends that it is not the proper function of the district court to assume the role of advocate for a *pro se* litigant. Because there is no evidence that the Magistrate Judge acted as Mr. Lane's advocate in formulating the Report and Recommendation, this argument is without merit.

**IV.**

Based on the foregoing reasons, the Court **OVERRULES** the objection, ECF No. 22, filed by defendant Vanessa Sawyer and **ADOPTS** the Report and Recommendation, ECF No. 18, in its entirety. Defendant Sawyer's motion to dismiss for failure to state a claim, ECF No. 12, is **DENIED**.

IT IS SO ORDERED.

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT