```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION


William L. Lane,                  :

          Plaintiff,              :     Case No. 2:10-cv-389

    v.                            :     Judge Watson

Wexford Health Sources            :
(Contreator), et al.,
                                  :
          Defendants.
```

ORDER

Presently before the Court are motions for leave to amend the complaint and for pretrial statements filed by plaintiff William Lane and a motion to stay discovery filed by defendant Vanessa Sawyer.  For the following reasons, the motion for leave to amend complaint (#19) will be granted, and the motion for pretrial statements (#29) will be denied.  The motion to stay discovery (#30) will be denied as moot.

I.

Fed. R .Civ. P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is

not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982).  Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously.  General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F.Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading.  They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consol. Gas Co., 918 F.2d 579 (6th Cir.

1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir. 1989).  The Court may also consider whether the matters contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment.  Id.  It is with these standards in mind that the instant motion to amend will be decided.

## II.

In his original complaint, Mr. Lane requested that he be given an opportunity to prove an Eighth Amendment claim of deliberate indifference.  He did not, however, ask for any specific relief should he be able to prove his claim.  He now seeks leave to amend his complaint to add a prayer for compensatory damages of $1.5 million and punitive damages of $1.6 million.

Ms. Sawyer opposes the motion on the basis that Mr. Lane fails to allege that her conduct was motivated either by hatred, ill will, or a spirit of revenge or that she exhibited a conscious disregard for the rights and safety of other persons resulting in a great probability of causing harm.  See Preston v. Murty, 32 Ohio St.3d 334 (1987)(defining "malice"  proof of which is required for an award of punitive damages under Ohio law). She also maintains that the amount of punitive damages requested is unreasonable.

The Court finds that the facts required to prove deliberate indifference are essentially the same as those necessary to recover punitive damages.  In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Supreme Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ."

Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Accordingly, punitive damages, as a form of relief, are generally consistent with §1983 claims. Telepo v. Martin, 257 F.R.D. 76, 77 (M.D. Pa. 2009).

The Court also finds that under Fed. R. Civ. P. 9(b), "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Furthermore, although Fed. R. Civ. P. 8 requires "a demand for the relief sought," Rule 54(c) provides that, except for a default judgment, "[a] final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleading." Therefore, Ms. Sawyer will not be prejudiced by the proposed amendment since Mr. Lane must still prove that he is entitled to punitive damages and prove the appropriate amount.  See Schieszler v. Ferrum College, 233 F.Supp.2d 796, 806-07 (W.D. Va. 2002).

Although Mr. Lane did not file his motion for leave to amend within the time permitted for amending his complaint as of right, see Fed. R. Civ. 15(a)(1)(B), neither was he dilatory.  This is his first and only request for leave to amend.  Consequently, there have been no repeated failures to cure deficiencies in the complaint.  The Court also is not prepared to say that the amendment itself would be an exercise in futility.  Under these circumstances and in the absence of demonstrable prejudice to Ms. Sawyer, the Court sees no reason not to allow the amendment.

III.

Mr. Lane has filed what is captioned as a motion for pretrial statements (#29).  The document itself, however, appears to be a pretrial statement.  On July 22, 2010, the Court entered a scheduling order (#17).  Among the provisions therein is a requirement that pretrial statements be filed within 30 days of

February 28, 2011, in the event that no motions for summary judgment are filed by that date.  Because that date has not yet passed and there is, in fact, a pending motion for summary judgment, no pretrial statements are due at this time.

IV.

On October 21, 2010, Ms. Sawyer filed a motion to stay discovery pending a ruling on her motion to dismiss (#30).  On November 12, Judge Watson adopted this Court's Report and Recommendation and denied the motion to dismiss.  Ms. Sawyer has acknowledged that her motion to stay discovery is moot and that the parties are free to engage in discovery as permitted under the Federal Rules of Civil Procedure (#35).

V.

Based on the foregoing reasons, the Court grants Mr. Lane's motion for leave to amend his complaint (#19), denies his motion for pretrial statements (#29), and denies Ms. Sawyer's motion to stay discovery (#30).

VI.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 72(b). Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                                <u>/s/ Terence P. Kemp</u>  
                                                United States Magistrate Judge