IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


William L. Lane,                    :

          Plaintiff,               :

     v.                            :     Case No. 2:10-cv-389

Wexford Health Sources,            :     JUDGE WATSON
(Contreator), et al.,                    MAGISTRATE JUDGE KEMP

          Defendants.              :

<u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court on the motion of defendants
Wexford Health Sources, Inc., and Pamela Redden, M.D., for
summary judgment.  In addition, plaintiff William L. Lane has
filed a memorandum of law in support of his motion for temporary
restraining order and preliminary injunction.  For the following
reasons, the Court will recommend that the motion for summary
judgment (#21) be granted and the motion for TRO and preliminary
injunction (#31) be denied.

I. BACKGROUND

     Mr. Lane, an Ohio prisoner, filed this civil rights action
seeking unspecified relief against defendants Wexford Health
Sources, Dr. Pamela Redden, and Ms. Sawyer for their alleged
deliberate indifference to his medical needs in violation of his
rights under the Eighth Amendment.  Mr. Lane alleges in his
complaint that Wexford is a private contractor providing medical
care for inmates at the Noble Correctional Institution where he
was confined at all relevant times.  Dr. Redden is an employee of
Wexford.

     Mr. Lane states that he has experienced increased discomfort
over the years stemming from various ailments involving his left
leg.  He has arthritis in his lower knee and his left leg is

shorter than his right.  He also has a bullet in his leg which pushes against the bone.  He is unable to participate in sports and must wear special shoes.  He has problems lifting objects and walking up stairs.  He cannot walk in the cold.  Mr. Lane maintains that his disabilities are permanent and are reflected in his medical file.

The complaint further alleges that Dr. Redden knew that his medical conditions made going up and down stairs painful, but despite that knowledge he was denied a first-floor dorm and moved to a prison dorm with steep steps.  On December 31, 2009, he injured himself carrying one end of a locker box up the stairs.  Mr. Lane reports that he was again moved up the stairs on February 18, 2010, at 10:30 a.m.  He injured himself a second time trying to carry the locker box.  On both occasions, an officer completed an inmate accident report.

Mr. Lane claims that he sought medical treatment on February 18, 2010, but was refused such treatment for more than two weeks.  He asserts that Ms. Sawyer, the Health Care Administrator at NCI, knew of his problems, but did nothing.  On March 9, 2010, Dr. Murray Thomas, who is not a defendant in this case, gave him a low-range dorm assignment and a cane based on his disabilities.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution of the case are in dispute.  It may be rendered only when appropriate evidentiary materials, as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law.  Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating

2

that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby,Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion must be decided.

B. Analysis

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health. Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991). In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

3

disregards an excessive risk to inmate health or safety. . . ."
Id. at 837.  Officials must be aware of facts from which they
could conclude that a substantial risk exists and must actually
draw that conclusion.  Id.  Prison officials who know of a
substantial risk to the health or safety of an inmate are free
from liability if "they responded reasonably to the risk, even if
the harm ultimately was not averted."  Id. at 844.

Because an Eighth Amendment medical claim must be premised
on deliberate indifference, mere negligence by a prison doctor or
prison official with respect to medical diagnosis or treatment is
not actionable under 42 U.S.C. §1983.  "[A] complaint that a
physician has been negligent in diagnosing or treating a medical
condition does not state a valid claim of medical mistreatment
under the Eighth Amendment.  Medical malpractice does not become
a constitutional violation merely because the victim is a
prisoner."  Estelle, 429 U.S. at 106; see also Brooks v. Celeste,
39 F.3d 125 (6th Cir. 1994).

Wexford Health Sources and Dr. Redden first argue that Mr.
Lane's Eighth Amendment medical claim must fail because he cannot
establish a prima facie case of medical malpractice on their
part.  They submit that the Sixth Circuit Court of Appeals has
twice held that a plaintiff's failure to establish a claim of
medical malpractice is necessarily fatal to a claim of deliberate
indifference based upon the same medical care.  The two cases
which these defendants cite for this proposition are, however,
unreported district court opinions, not appellate decisions.  See
Simon v. Miami County Incarceration Facility, No. 3:05-CV-191,
2006 WL 1401645 (S.D. Ohio May 12, 2006); Stanley v. Wilson
County, No. 3:03-0284, 2007 WL 2471693 (M.D. Tenn. Aug. 24,
2007).  As such, the decisions are not binding on this Court, and
in any event, it is not necessary to decide this legal issue
because Mr. Lane's claim fails for other reasons.

4

In addition to their first proposition, Wexford Health Sources and Dr. Redden contend that "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001)(internal citations and quotation marks omitted). Because Mr. Lane has not placed any verifying medical evidence in the record, the defendants maintain that he cannot establish the objective component of an Eighth Amendment that "the alleged deprivation is sufficiently serious." Id. There are exceptions to this requirement, however. As the Sixth Circuit Court of Appeals subsequently clarified, where the serious need for medical care would be obvious even to a layman, a plaintiff need not present verifying medical evidence. Blackmore v. Kalamazoo County, 390 F.3d 890, 899-900 (6th Cir. 2004). Again, this is an issue which need not be resolved here.

Finally, Wexford Health Sources and Dr. Redden argue that Mr. Lane cannot satisfy the subjective component of his Eighth Amendment claim. To prevail on this type of claim, a plaintiff must show that a defendant actually knew of a serious risk to the inmate's health and consciously disregarded that risk. Loggins v. Franklin County, 218 Fed.Appx. 466, 472 (6th Cir. 2007). Such indifference is tantamount to an intent to punish. Id. The defendants maintain that Mr. Lane cannot establish, and does not even allege, that they bore him any ill will, hatred, or intent to punish. They also contend that Mr. Lane has offered no evidence that their actions or omissions were the proximate cause of his injuries. They posit that the Affidavit of Andrew Eddy, M.D. is the sole evidence on this issue and that Dr. Eddy concluded, based on his education, experience, and training as a physician and based on his review of plaintiff's medical records,

that the care and treatment provided by Wexford Medical Sources and its physicians did not cause or contribute to any injury to Mr. Lane.

In response to the defendants' motion, Mr. Lane merely states that there are genuine issues of material fact precluding summary judgment and that he has not failed to produce expert testimony to support his claim of deliberate indifference.  He also asserts that he is able to make out a _prima_ _facie_ case of medical malpractice and that he has evidence to establish both the subjective component of his claim and the element of causation.  Finally, Mr. Lane attacks the competency and credibility of Dr. Eddy as an expert witness on the grounds that he is a physician, not a bone specialist, and that he is an employee of Wexford Health Sources.

Mr. Lane bears the burden of proof regarding his Eighth Amendment claim.  Consequently, Wexford Health Sources and Dr. Redden can meet their burden of production under Fed. R. Civ. P. 56(c) by pointing out the absence of any evidence to support an essential element of plaintiff's claim.  See Celotex, 477 U.S. at 324.  The Court determines that the defendants have satisfied their burden in this case.  Mr. Lane, therefore, may not rest on the allegations of his complaint, but must set forth specific facts showing a genuine issue for trial.  Anderson, 477 U.S. at 248.

The Court concludes that Mr. Lane has, in fact, relied on the allegations of his complaint in his attempt to avoid summary judgment.  He has not submitted affidavits or any other evidence to demonstrate the existence of a genuine issue of material fact despite his claim that he is in possession of such evidence. Furthermore, in the absence of any medical evidence to support his claim, he may not defeat the defendants' summary judgment motion by suggesting that Dr. Eddy's affidavit is not credible.

6

See Adcor Industries, Inc. v. Bevcorp, LLC, 252 Fed.Appx. 55, 61 (6th Cir. 2007)(bare claims of bias do not undermine undisputed evidence); see also Harris v. J.B. Robinson Jewelers, __ F.3d __ (6th Cir. December 8, 2010).  In fact, even if the affidavit (which is extremely conclusory) is disregarded, the fact remains that Mr. Lane has neither produced any evidence to support his claim against Wexford or Dr. Redden nor asked for more time to do so.

After examining the pleadings and the evidence, the Court finds that on the current record there are no genuine issues of material fact and that Wexford Health Sources and Dr. Redden are entitled to judgment as a matter of law on plaintiff's Eighth Amendment claim.  Assuming that Mr. Lane has submitted some evidence to show that he suffers from a serious medical condition, he has not come forward with any evidence demonstrating that the defendants were deliberately indifferent to his serious medical condition.  The closest he comes to making that showing is his argument that the complaint (which is not verified) points out that Dr. Redden know that going up and down stairs was "painful" for Mr. Lane because of his medical condition.  That is a far cry from admissible proof that she was recklessly indifferent to a risk that he might be injured by carrying a locker box up the steps.  See, e.g., Oldham v. Chandler-Halford, 877 F.Supp. 1340 (N.D. Iowa 1995) (although common sense might suggest that having an inmate with a recently fractured wrist climb into a top bunk might cause further injury, common sense is not the test - it is conscious or reckless disregard of a known risk of serious injury).  Evidence of that state of mind, or any facts from which that state of mind could be inferred, is simply absent here as it relates to the moving defendants.

III. MOTION FOR TRO AND PRELIMINARY INJUNCTION

A. <u>Preliminary Injunction Standard</u>

The Court is required to weigh four factors in determining whether a party is entitled to a preliminary injunction under Fed. R. Civ. P. 65(a).  Those factors are: (1) the likelihood that the party seeking the injunction will succeed on the merits of the claim; (2) the extent to which the party seeking the injunction will be injured unless relief is granted, focusing particularly on the possibility of irreparable injury; (3) whether the injunction, if issued, will cause substantial harm to others; and (4) whether issuance of the injunction is in the public interest.  <u>See</u> <u>Washington v. Reno</u>, 35 F.3d 1093 (6th Cir. 1994).  No one factor is dispositive.  Rather, these four factors must be balanced in determining whether preliminary injunctive relief should issue.  <u>In re Delorean Motor Co.</u>, 755 F.2d 1223, 1229(6th Cir. 1985).  With these standards in mind, the Court now reviews the facts of record to determine whether preliminary injunctive relief is appropriate.

B. <u>Analysis</u>

Mr. Lane addresses only briefly the four factors which the Court must balance in considering preliminary injunctive relief.  Foremost among these factors are whether the movant is likely to succeed on the merits and whether, in the absence of temporary injunctive relief, the movant will likely suffer irreparable harm.  Mr. Lane has placed no facts in the record, by way of a verified complaint or an affidavit, which would substantiate either a likelihood of success or irreparable harm.  <u>See</u> Fed. R. Civ. P. 65(b)(1)(A).  Accordingly, there is no basis for any finding of irreparable injury.  <u>See</u> <u>Sampson v. Murray</u>, 415 U.S. 61, 89 (1974).

Even were the Court to overlook the deficiencies in Mr. Lane's motion, it is not clear what relief he is seeking.  He reiterates the allegations in his complaint regarding past

8

medical care, but says nothing about any present lack of treatment.  He also points out that prison personnel must obey the Constitution and the laws of the United States, but does not identify what, if any, violations of that duty are occurring now. Such conclusory statements do not afford a basis for concluding that Mr. Lane will prevail on the merits or suffer irreparable harm.  See Merriweather v. Lappin, 680 F.Supp.2d 142, 143-44 (D.D.C. 2010).  Moreover, Mr. Lane admits that after the defendants allegedly ignored his medical needs, Dr. Murray Thomas provided him with a low-range dorm assignment and a cane to assist with his walking.  Given the evidence of more recent medical care, Mr. Lane has not shown that he will suffer irreparable harm absent an injunction.  See Niemic v. Maloney, 409 F.Supp.2d 32, 38 (D. Mass. 2005).

## IV. CONCLUSION

Based on the foregoing reasons, the Court recommends that the motion for summary judgment (#21) be granted and that defendants Wexford Health Sources and Dr. Redden be dismissed from this case.  The Court further recommends that Mr. Lane's motion for a TRO and preliminary injunction (#31) be denied.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may

9

recommit this matter to the magistrate judge with instructions.
28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object
to the Report and Recommendation will result in a waiver of the
right to have the district judge review the Report and
Recommendation <u>de novo</u>, and also operates as a waiver of the
right to appeal the decision of the District Court adopting the
Report and Recommendation.  <u>See Thomas v.Arn</u>, 474 U.S. 140
(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


                              <u>/s/Terence P. Kemp</u>
                              United States Magistrate Judge