## UNITED STATES DISTRICT COURT
## THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

William L. Lane,

      Plaintiff,

    v.                             Case No. 2:10–cv–389

Wexford Health Sources,             Judge Michael H. Watson
(Contreator), et al.,

      Defendants.

### OPINION AND ORDER

On December 13, 2010, the Magistrate Judge recommended that the Court grant the motion of defendants Wexford Health Services, Inc. and Pamela Redden, M.D. ("Defendants") for summary judgment. The Magistrate Judge also recommended that plaintiff William Lane's motion for TRO and preliminary injunction be denied. Mr. Lane filed timely objections to the Report and Recommendation on December 22, 2010. In addition, Mr. Lane noted that he had filed a request for medical documents which he apparently had not yet received. The Magistrate Judge granted Mr. Lane a period of thirty days to arrange for a review of his medical file and allowed him to file supplemental objections, if any, based on that review. On March 8, 2011, Mr. Lane filed a supplemental objection.

### I. STANDARD OF REVIEW

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review,

the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. §636(b)(1)(C).

## II. MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

Mr. Lane's objections are expressly limited to the recommended disposition of the Defendants' motion for summary judgment.  His objections do not address the portion of the Report and Recommendation in which the Magistrate Judge recommended the denial of Plaintiff's motion for TRO and a preliminary injunction.

The Court is  required to conduct a *de novo* review only of those portions of a report and recommendation to which a party has made an objection.  *Cline v. City of Mansfield*, — F. Supp. 2d —, 2010 WL 3860735 at *4 (N.D. Ohio Sept. 30, 2010). Absent a specific objection, a court may adopt conclusions reached by the magistrate judge without discussion.  *Id.*  Because Mr. Lane did not specifically object to the recommended disposition of his motion for TRO and a preliminary injunction, the Court may adopt that portion of the Report and Recommendation without discussion. Nevertheless, the Court has reviewed the Magistrate Judge's analysis of whether Mr. Lane is entitled to preliminary injunctive relief and is satisfied that no error appears on the face of the record.

## III. SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Court may grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp,* 475 U.S. 574, 588 (1986); *Petty v. Metro. Gov't of Nashville-Davidson Cnty.*, 538 F.3d 431, 438-39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150-51 (2000)*; Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves*, 530 U.S. at 150–51. Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## IV. DISCUSSION

In his original objections filed on December 22, 2010, Mr. Lane argued that the discovery deadline was not scheduled to expire until January 31, 2011, and that he had outstanding requests for his medical records. Mr. Lane believed that the medical records would show that Defendants displayed a deliberate indifference to his health. It is noteworthy that Mr. Lane did not raise this argument in his answer to Defendants' motion for summary judgment or at any time prior to the issuance of the Magistrate Judge's Report and Recommendation. Arguments not raised before the Magistrate Judge are normally deemed waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (absent compelling reasons, parties cannot raise at the district court new arguments or issues not presented to magistrate judge).

Moreover, Mr. Lane had the burden of informing the Court of his need for discovery and of submitting an affidavit or declaration pursuant to Fed. R. Civ. P. 56(d). *Murphy v. Grenier, slip op.*, 2011 WL 180780 at *4 (6th Cir. Jan. 19, 2011). The affidavit or declaration must detail the discovery needed and how it will enable the nonmoving party to rebut the movant's showing of the absence of a genuine issue of fact. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). Mr. Lane did not file such an affidavit or declaration. Accordingly, there is no justification for a blanket statement that summary judgment is premature until the close of discovery. *See id.*

Despite the fact that Mr. Lane neither raised the need for discovery prior to the issuance of the Report and Recommendation nor submitted an affidavit or declaration as required by Rule 56(d), the Magistrate Judge granted him an additional thirty days to obtain the medical records and file a supplemental objection by March 15, 2011. The

supplemental objection, captioned as a Report and Recommendation, makes no mention of the need for further discovery, but rather complains that his medical files have been altered or tampered with, or are missing unspecified records. There is nothing in the record, however, which supports these bare allegations.

The record does reflect that Mr. Lane continues to seek medical records. He has had two opportunities to review his file and select those records he wishes to have copied. Mr. Lane also has apparently refused to accept the copies he requested at no cost after prison officials initially indicated he would need to pay a portion of the copying expenses. This is indicative of a lack of diligence on his part which would tend negate his argument that he has not been afforded an opportunity to discover information that is essential to his opposition. *See Turner v. Gen. Motors Corp.*, 23 F. App'x 415, 417 (6th Cir. 2001) (where party opposing summary judgment has been dilatory in securing necessary discovery, he cannot argue that judgment was entered without his having an opportunity to establish genuine issue of fact); *see also Mallory v. Noble Corr. Inst.*, 45 F. App'x 463, 469 (6th Cir. 2002).

Furthermore, Mr. Lane has not explained how any of his medical records would demonstrate deliberate indifference on the part of Defendants. Presumably, the records would show that he received some medical attention and, at best, that Defendants were negligent. *See Henry v. Mich. Dept. of Corr.*, 27 F. App'x 573, 576 n.1 (6th Cir. 2001). Evidence of such negligence would be insufficient to satisfy the standards set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Farmer v. Brennan*, 511 U.S. 825, 838-39 (1994). *Henry*, 27 F. App'x at 576.

In neither his objections to the Report and Recommendation nor his answer to Defendants' motion for summary judgment does Mr. Lane offer any evidence showing that Wexford Health Sources, Inc. or Dr. Redden consciously or recklessly disregarded a known risk of serious injury.  As plaintiff, Mr. Lane bears the burden of establishing that Defendants actually knew of a serious risk to his health and disregarded that risk if he is to satisfy the subjective component of his Eighth Amendment claim.  *Loggins v. Franklin County*, 218 F. App'x 466, 472 (6th Cir. 2007).  Accordingly, he had the duty to come forward with evidentiary materials to show the existence of a genuine dispute on this issue.  *See Celotex*, 477 U.S. at 322.  Mr. Lane failed to do so.

Based on the foregoing, the Court concludes after *de novo* review that there is no genuine dispute as to any material fact and that Wexford Health Sources, Inc. and Dr. Redden are each entitled to judgment as a matter of law.  Mr. Lane's objections to the Report and Recommendation will be overruled and Defendants' motion for summary judgment will be granted.

## V. MOTION FOR RECONSIDERATION

On January 25, 2011, the Magistrate Judge granted Mr. Lane an additional thirty days to review his medical file and denied his motion for a subpoena as moot based on the representations of another Defendant, Vanessa Sawyer, that Mr. Lane need only contact the medical department at the Noble Correctional Institution to arrange to see his file.  In his motion for reconsideration of that order, Mr. Lane states as follows, verbatim:

> It is necessary the court  has the Authority to issue and recommend serve Subpoenas for Medical records, To be arrange for review, And recommendation. based on Plaintiff medical files. Matching Documents and

reviewing and comparing them to each other. asking and request the United States District Judge and also the Magistrate Judge. To grant this motion for reconsideration.

Pl.'s Mot. Recons. 1, ECF No. 48. Most notably, there is nothing in the motion for reconsideration which indicates that Mr. Lane was denied access to his medical file.

When a magistrate judge rules on a pretrial matter that is not case-dispositive and a party objects, the district judge may modify or set aside the order only if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994). A finding is not "clearly erroneous" unless the reviewing court is left with the definite and firm conviction that a mistake has been made. *See In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted). Particular deference is given to a magistrate judge's ruling on a discovery issue. *Costa v. Cnty. of Burlington*, 584 F. Supp.2d 681, 684 n. 2 (D.N.J. 2008).

By his own admission, Mr. Lane has had opportunities to review his medical file on both February 7, 2011, and February 23, 2011. *See* Pl.'s Mot. Obligation, ECF No. 54. Each of these occasions took place *after* he filed his motion for reconsideration on February 3, 2011. Mr. Lane complains that the copies he requested from the file were denied him by the medical staff apparently because he was unable to pay the full copying fee. It appears, however, that the staff later waived the entire copying fee, but that Mr. Lane then refused to accept the medical records he had previously selected.

*See* Def.'s Combined Mem. Opp'n, ECF No 57.

Based on a review of the record, the Court finds that the Magistrate Judge's denial of Mr. Lane's motion for a subpoena as moot was neither clearly erroneous nor contrary to law. The motion for reconsideration will therefore be denied.

## VI. DISPOSITION

For the above reasons, the Court **ADOPTS** the December 13, 2010 Report and Recommendation, ECF No. 39, in its entirety. Accordingly, the Court **DENIES** Mr. Lane's motion for TRO and a preliminary injunction, ECF No. 31, and **GRANTS** the motion for summary judgment filed by defendants Wexford Health Services, Inc. and Pamela Redden, M.D., ECF No. 21. These defendants are hereby **DISMISSED** from this action. The Court also **DENIES** Mr. Lane's motion for reconsideration, ECF No. 48, of the order denying as moot his request for subpoena of medical records and **DENIES** his subsequent motion for a subpoena for those records, ECF No. 49. Mr. Lane's motion for an extension of time, ECF No. 52, is also **DENIED**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**