IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William L. Lane,                    :

      Plaintiff,            :

   v.                          :    Case No. 2:10-cv-389

Wexford Health Sources,            :    JUDGE MICHAEL H. WATSON
(Contreator), et al.,                   Magistrate Judge Kemp

     Defendants.           :

<u>REPORT AND RECOMMENDATION</u>

    This matter is before the Court on the motion of defendant
Vanessa Sawyer for summary judgment filed on February 28, 2011.
Plaintiff William L. Lane has not opposed the motion, and the
time for doing so has long passed.  For the following reasons,
the Court will recommend that the unopposed motion for summary
judgment (#51) be granted.

I. <u>BACKGROUND</u>

    Mr. Lane, an Ohio prisoner, filed this civil rights action
seeking unspecified relief against defendants Wexford Health
Sources, Dr. Pamela Redden, and Ms. Sawyer for their alleged
deliberate indifference to his medical needs in violation of his
rights under the Eighth Amendment.  He subsequently amended his
complaint with leave of Court to add a prayer for compensatory
and punitive damages.  On March 28, 2011, the Court granted
summary judgment in favor of Wexford Health Services and Dr.
Redden.  Ms. Sawyer is the sole remaining defendant.

    Mr. Lane states that he has experienced increased discomfort
over the years stemming from various ailments involving his left
leg.  He has arthritis in the lower part of his left knee and his
left leg is shorter than his right.  He also has a bullet in his
left leg which pushes against the bone.  He is unable to

participate in sports and must wear special shoes.  He has
problems lifting objects and walking up stairs.  He cannot walk
in the cold.  Mr. Lane maintains that his disabilities are
permanent and are reflected in his medical file.

On December 31, 2009, Mr. Lane injured himself carrying one
end of a locker box up the stairs.  Mr. Lane reports that he was
again moved up the stairs on February 18, 2010, at 10:30 a.m.  He
injured himself a second time trying to carry the locker box.  On
both occasions, an officer completed an inmate accident report.
Mr. Lane claims that he sought medical treatment on February 18,
2010, but was refused such treatment for more than two weeks.
Ms. Sawyer is the Health Care Administrator at the Noble
Correctional Institution where Mr. Lane was formerly
incarcerated.  He asserts that Ms. Sawyer knew of his problems
during this two-week period, but did nothing.

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment is not a substitute for a trial when
facts material to the Court's ultimate resolution of the case
are in dispute.  It may be rendered only when appropriate
evidentiary materials, as described in Fed. R. Civ. P. 56(c),
demonstrate the absence of a material factual dispute and the
moving party is entitled to judgment as a matter of law.
Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464
(1962).  The moving party bears the burden of demonstrating
that no material facts are in dispute, and the evidence
submitted must be viewed in the light most favorable to the
nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144
(1970).  Additionally, the Court must draw all reasonable
inferences from that evidence in favor of the nonmoving party.
United States v. Diebold, Inc., 369 U.S. 654 (1962).  The
nonmoving party does have the burden, however, after completion

2

of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby,Inc., 477 U.S. 242 (1986).  Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion.  It is with these standards in mind that the instant motion must be decided.

B. Analysis

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health.  Estelle v. Gamble, 429 U.S. 97 (1976); Wilson v. Seiter, 501 U.S. 294 (1991).  In Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference.  It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . . ." Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." Id. at 844.

3

Because an Eighth Amendment medical claim must be premised on deliberate indifference, mere negligence by a prison doctor or prison official with respect to medical diagnosis or treatment is not actionable under 42 U.S.C. §1983.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Brooks v. Celeste, 39 F.3d 125 (6th Cir. 1994).

In her motion for summary judgment, Ms. Sawyer acknowledges she was aware that Mr. Lane suffered from a chronic condition resulting from a gunshot wound to his left leg in 1985 and that he had complained of pain to the prison medical staff on December 31, 2009, and February 18, 2010.  She disputes, however, his allegation that he was refused medical treatment following the February 18, 2010 incident.  Ms. Sawyer has submitted an affidavit and certain medical records which evidence that Mr. Lane was scheduled for a nurse sick call examination for February 19, 2010, that he failed to show up for this appointment, and that he made no further complaints to the medical department concerning the incident.

 Ordinarily, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001)(internal citations and quotation marks omitted).  Because Mr. Lane has not placed any verifying medical evidence in the record, he cannot establish the objective component of an Eighth Amendment that "the alleged deprivation is sufficiently serious." Id.  Although there are exceptions to this requirement where the serious need

4

for medical care would have been obvious even to a layman, <u>see</u>
<u>Blackmore v. Kalamazoo County</u>, 390 F.3d 890, 899-900 (6th Cir.
2004), Mr. Thomas has not submitted any evidence which would
support such a finding of "obviousness" in this case.

To satisfy the subjective component of his Eighth Amendment
claim, a plaintiff must show that a defendant actually knew of a
serious risk to the inmate's health and consciously disregarded
that risk.  <u>Loggins v. Franklin County, Ohio</u>, 218 Fed.Appx. 466,
472 (6th Cir. 2007).  Ms. Sawyer argues that because there is no
evidence in the record of any excessive risk to Mr. Lane's health
or safety, it is inconceivable that she knew of and disregarded
such a risk.

Mr. Lane bears the ultimate burden of proof regarding his
Eighth Amendment claim.  Consequently, Ms. Sawyer can meet her
burden of production under Fed. R. Civ. P. 56(c) by pointing out
the absence of any evidence to support an essential element of
plaintiff's claim.  <u>See</u> <u>Celotex</u>, 477 U.S. at 324.  The Court
determines that the Ms. Sawyer has satisfied her burden in this
case.  Mr. Lane, therefore, may not rest on the allegations of
his complaint, but must set forth specific facts showing a
genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 248.

After examining the pleadings and the evidence, the Court
finds that on the current record there are no genuine issues of
material fact and that Ms. Sawyer is entitled to judgment as a
matter of law on plaintiff's Eighth Amendment claim.  Mr. Lane
has not come forward with any evidence demonstrating that Ms.
Sawyer was deliberately indifferent to his serious medical
condition.

### III. <u>CONCLUSION</u>

Based on the foregoing reasons, the Court recommends that
the motion for summary judgment filed by defendant Vanessa Sawyer
(#51) be granted.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de</u> <u>novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v.Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).


/s/Terence P. Kemp
United States Magistrate Judge