IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**William L. Lane,**

    **Plaintiff,**

v.                                            Case No. 2:10–cv–389

**Wexford Health Sources,**            **Judge Michael H. Watson**
**(Contreator), et al.,**                  **Magistrate Judge Kemp**

    **Defendants.**

## OPINION AND ORDER

On May 18, 2011, the Magistrate Judge issued a Report and Recommendation which recommended that defendant Vanessa Sawyer's unopposed motion for summary judgment be granted. The Magistrate Judge found that plaintiff William Lane did not come forward with any evidence demonstrating that Ms. Sawyer was deliberately indifferent to his serious medical condition and that Ms. Sawyer was therefore entitled to judgment as a matter of law on Mr. Lane's Eighth Amendment claim. Mr. Lane filed an objection to the Report and Recommendation on May 26, 2011, in which he contends that Ms. Sawyer failed to provide him with some fifteen documents consisting of his prison medical records which she had been ordered to produce within thirty days. He claims that, of these fifteen documents, four are attached to his objection and the remaining eleven are missing. On June 1, 2011, Ms. Sawyer filed a response to the objection.

## I. STANDARD OF REVIEW

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. §636(b)(1)(C).

## II. SUMMARY JUDGMENT STANDARD

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a), which provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Court may grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 588 (1986); *Petty v. Metro. Gov't of Nashville-Davidson Cnty.*, 538 F.3d 431, 438–39 (6th Cir. 2008).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000); *Henderson v. Walled Lake*

*Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Reeves*, 530 U.S. at 150–51. Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).

Thus, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo Ass'n*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52).

### III. DISCUSSION

The nature of the objection is unclear. The Court can only infer that Mr. Lane is arguing that he needs the missing documents to prove that Ms. Sawyer was deliberately indifferent to his serious medical needs. Mr. Lane did not raise this argument or provide any other response to Ms. Sawyer's motion for summary judgment at any time prior to the issuance of the Magistrate Judge's Report and Recommendation. Arguments not raised before the Magistrate Judge are normally deemed waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (absent compelling reasons, parties cannot raise at the district court new arguments or issues not presented to magistrate judge).

Moreover, Mr. Lane had the burden of informing the Court of his need for discovery and of submitting an affidavit or declaration pursuant to Fed. R. Civ. P. 56(d). *Murphy v. Grenier*, 406 F. App'x 972, 976 (6th Cir. 2011). The affidavit or declaration

must detail the discovery needed and how it will enable the nonmoving party to rebut the movant's showing of the absence of a genuine issue of fact. *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003). Mr. Lane did not file such an affidavit or declaration and is therefore not entitled to any additional time for discovery. *See* Fed. R. Civ. P. 56(d).

The record further reflects that Mr. Lane had two opportunities to review his prison medical file and select those records he wished to copy. Mr. Lane also has apparently refused to accept the copies he requested at no cost after prison officials initially indicated he would need to pay a portion of the copying expenses. This is indicative of a lack of diligence on his part which would tend to negate any argument that he has not been afforded an opportunity to discover information that is essential to his opposition. *See Turner v. General Motors Corp.*, 23 F. App'x 415, 417 (6th Cir. 2001) (where party opposing summary judgment has been dilatory in securing necessary discovery, he cannot argue that judgment was entered without his having an opportunity to establish genuine issue of fact); *see also Mallory v. Noble Correctional Inst.*, 45 F. App'x 463, 469 (6th Cir. 2002).

Furthermore, Mr. Lane has not explained how any of the missing documents would evidence deliberate indifference on the part of Ms. Sawyer. The documents attached to the objection merely show that Mr. Lane had money in his prison account to pay for copies and that he received some medical care. Presumably, the other records he seeks would also show that he received some medical attention and, at most, that Defendants were negligent. *See Henry v. Michigan Dept. of Corrections*, 27 F. App'x 573, 576 n.1 (6th Cir. 2001). Evidence of such negligence would be insufficient to satisfy the standards set forth in *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Farmer v.*

*Brennan*, 511 U.S. 825, 838–39 (1994). *Henry,* 27 F. App'x at 576.

In his objection, Mr. Lane does not offer any evidence tending to show that Ms. Sawyer consciously or recklessly disregarded a known risk of serious injury. As plaintiff, Mr. Lane bears the burden of establishing that Ms. Sawyer actually knew of a serious risk to his health and disregarded that risk if he is to satisfy the subjective component of his Eighth Amendment claim. *Loggins v. Franklin County*, 218 F. App'x 466, 472 (6th Cir. 2007). Accordingly, he had the duty to come forward with evidentiary materials to show the existence of a genuine dispute on this issue. *See Celotex*, 477 U.S. at 322. Mr. Lane failed to do so.

Based on the foregoing, the Court concludes after *de novo* review that there is no genuine dispute as to any material fact and that Ms. Sawyer is entitled to judgment as a matter of law. Mr. Lane's objections to the Report and Recommendation will be overruled and Ms. Sawyer's motion for summary judgment will be granted.

## IV. DISPOSITION

For the above reasons, the Court **OVERRULES** Mr. Lane's objection (ECF No. 66) and **ADOPTS** the May 18, 2011 Report and Recommendation (ECF No. 64) in its entirety. Accordingly, the Court **GRANTS** the motion for summary judgment filed by defendant Vanessa Sawyer (ECF No. 51). The Court, having previously entered summary judgment in favor of the other two defendants, **ORDERS** that this case be terminated.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**