IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William L. Lane,                   :

    Plaintiff,                 :

  v.                               :     Case No. 2:10-cv-389

Wexford Health Sources,            :     JUDGE MICHAEL H. WATSON
(Contreator), et al.,                    Magistrate Judge Kemp

    Defendants.                :

## REPORT AND RECOMMENDATION

    This matter is before the Court to consider three separate motion to dismiss filed by Plaintiff William L. Lane. Defendant Vanessa Sawyer has responded to all of them. For the following reasons, it will be recommended that all three motions be denied.

    Some brief background is helpful to put the motions into the proper context. This case was dismissed, and judgment was entered against Mr. Lane, on August 12, 2011. He had filed a premature notice of appeal on May 9, 2011; the Court subsequently denied him leave to appeal *in forma pauperis* and certified that the appeal was not taken in good faith. (Doc. 71). In an order filed on January 7, 2013, the Court of Appeals held, first, that the only order covered by the notice of appeal was the grant of summary judgment to the Wexford defendants, and, second, that this Court appropriately entered judgment in their favor. (Doc. 72). The mandate issued on January 31, 2013, and Mr. Lane took no further appeal, so at that point, the case ended.

    Mr. Lane has now moved for an order of dismissal. His first motion, Doc. 74, states simply that he moved to dismiss the case "against Wexford Health Sources and Defendants" and that "[n]o further action will be taken in this Court." His second motion, Doc. 76, filed less than a month later, is lengthier, but less

clear; it recites the fact that he failed to file a notice of appeal after the Court had granted judgment to Ms. Sawyer, cites to Fed.R.Civ.P. 60(b)(2)(but does not argue why Mr. Lane should be granted any relief under that Rule), and appears to request a "DISMISSAL REASON." Id. at 2. The third and final motion, filed within a month of the second, asks the Court to dismiss the case against Ms. Sawyer without prejudice. Reading between the lines, it is possible that Mr. Lane is asking that a new dismissal entry be filed with respect to Ms. Sawyer so that he can appeal that dismissal.

    The primary problem with all three of Mr. Lane's motions is that this case is over. The Court granted summary judgment to Ms. Sawyer in its Opinion and Order filed on August 12, 2011. Mr. Lane did not appeal that order. When he did not, it became final. Cf. Towsend v. Comm'r of Social Security, 415 F.3d 578 (6th Cir. 2005)(district court order becomes final when the time for filing a notice of appeal expires). Since there is already a final judgment on record with respect to the claims against Ms. Sawyer, there is no basis for entering a second judgment, and, in particular, for an order dismissing the claims without prejudice. For any revision to the judgment to be made, Mr. Lane would have to come forward with evidence to support the application of Fed.R.Civ.P. 60(b) – and, more specifically, subsections (4) through (6) of that Rule, since Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." The first of the three motions at issue was filed more than two years after the Court's judgment of August 12, 2011, and Mr. Lane has not advanced any argument that the judgment was void, was satisfied, released, or discharged, or that there is any other reason to vacate it in favor of a new

judgment which changes the nature of the dismissal.

For all of these reasons, it is recommended that the three motions for dismissal (Docs. 74, 76 and 78) be denied.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1)(C).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge